UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

      **Plaintiff,**

  v.

**AFFORDABLE DENTIST, et al.,**

      **Defendants.**

Case No. 1:25-cv-65

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Plaintiff Queen Charlotte Franklin is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint here for failure to state a claim upon which relief may be granted. In her resulting Report and Recommendation (R&R, Doc. 7), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice as frivolous and for lack of subject-matter jurisdiction. The R&R also formally warns Franklin that continuing to file frivolous cases will likely result in her designation as a vexatious litigator. One other thing. Before the Magistrate Judge issued the R&R, Defendant University of Cincinnati Medical

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many complaints. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

Center, LLC (UCMC) (which Franklin improperly named as "UC Hospital") moved to dismiss Franklin's Complaint for failure to state a claim. (Doc. 3).[2]

For the reasons briefly laid out below, the Court **ADOPTS** the R&R (Doc. 7) with one minor modification and **OVERRULES** Franklin's Objection (Doc. 8).[3] Specifically, the Court **DISMISSES** the Complaint (Doc. 6) **WITH PREJUDICE**, as to all claims except to the extent that she is advancing a medical malpractice claim, which the Court **DISMISSES WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Moreover, the Court **FORMALLY WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will deem her a vexatious litigator. The Court further **DENIES** UCMC's motion (Docs. 3, 4) as **MOOT**.

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint is frivolous and that the Court lacks subject-

---

[2] It appears that two substantively identical versions of UCMC's motion were filed on the docket. (Docs. 3, 4). The latter merely inserts a date in the "Certificate of Service" portion. Regardless, because Franklin's Complaint does not survive the screening stage, UCMC's motion (or motions if considering both filings) is moot.

[3] Technically, Franklin filed two Objections. (Docs. 8, 9). But the second "Objection" seems to be directed at UCMC's motion to dismiss. (*See generally* Doc. 9). Indeed, Franklin attached UCMC's motion to that "Objection." (Doc. 9, #77–82). So the Court construes this "Objection" instead as a response to UCMC's motion. And since the Court denies that motion as moot, the Court need not address Franklin's response (i.e., Doc. 9).

2

matter jurisdiction. (Doc. 7, #47–48). Within the required fourteen-day timeline, Franklin objected to the R&R. (Doc. 8).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

*Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, after analyzing the Complaint under the Court's screening authority, the Magistrate Judge found it lacking. First, the Magistrate Judge determined that:

> With the exception of plaintiff's allegations regarding the removal of her right breast, the remainder of plaintiff's complaint should be dismissed as frivolous because it does not set forth any claim with a rational or arguable basis in fact or law.

(Doc. 7, #47 (cleaned up)). Then, turning to the supposed medical malpractice claim involving Franklin's right breast, the Magistrate Judge concluded that the Court does not have subject-matter jurisdiction to consider it. (*Id.*). As for diversity jurisdiction, the Magistrate Judge concluded that the parties are not completely diverse, and in any event, Franklin failed to allege an amount in controversy. (*Id.* at #48). And the Magistrate Judge determined that federal question jurisdiction was off the table because Franklin failed to allege any facts involving issues of federal law. (*Id.*).

Franklin objected. (Doc. 8). But her "Objection" simply describes the same conduct she alleges in her Complaint, adding in a few extra things she believes have happened to her. (*See generally id.*). In other words, Franklin does not raise any specific objections to the Magistrate Judge's analysis or conclusion. As far as the Court can tell, the Objection doesn't reference the R&R at all. So, because the Objection is unclear (and in large part, illegible) about what issues Franklin disputes, the Court overrules it.

In any event, after reviewing the Complaint, the Court agrees with the Magistrate Judge that it is frivolous and that the Court lacks subject-matter

jurisdiction. The Complaint offers several fanciful allegations, such as Franklin having to "use [her] dentures in the justice center to clean the black magic off the walls." (Doc. 6, #42). In short, Franklin makes mostly incoherent factual allegations that cannot, even when liberally construed, support a valid claim. *Francis v. Branch*, No. 3:22-cv-664, 2023 WL 3325925, at *2 (W.D. Ky. May 9, 2023).

Franklin's slightly less fantastic allegations—that a "nurse gave [her] the wrong med[ication]" and that a "[d]octor removed [her] right breast," (Doc. 6, #42)—fare no better. The Court agrees with the Magistrate Judge that those could *perhaps* support a medical malpractice claim, if liberally construed. But even so, the Court cannot consider such a claim because, as the Magistrate Judge notes, the Court lacks subject-matter jurisdiction. It appears that all the named Defendants are Ohio citizens, as is Franklin. (Doc. 6, #40–41). And in the absence of complete diversity between the parties, the Court does not have diversity jurisdiction. 28 U.S.C. § 1332(a). Nor can the Court discern any claim arising under federal law. So the Court cannot assert federal question jurisdiction. *Id.* § 1331. All told, the Complaint both is frivolous and fails to state a plausible claim that the Court can consider.

In addition to recommending dismissal, the Magistrate Judge formally warned Franklin that "she is highly likely to be deemed a vexatious litigator and made subject to pre-filing restrictions if she persists in filing additional cases that are factually and legally frivolous." (Doc. 7, #51–52). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, many (if not all) of which appear to make wholly frivolous allegations. As

such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 7) with one minor modification and **OVERRULES** Franklin's Objection (Doc. 8). Specifically, the Court **DISMISSES WITH PREJUDICE** all claims, except to the extent that the Complaint asserts a medical malpractice claim. As to the latter, the Court **DISMISSES** any such claim **WITHOUT PREJUDICE** because the Court lacks subject-matter jurisdiction.[4] The Court further **DENIES** UCMC's motion (Docs. 3, 4) as **MOOT**. Lastly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

---

[4] While the Court dismisses this claim without prejudice, the dismissal is "preclusive of [Franklin's] ability to refile in federal court." *Kelly v. Phifer*, No. 1:22-cv-399, 2022 WL 17037566, at *3 n.3 (S.D. Ohio Nov. 17, 2022).

**SO ORDERED.**

April 10, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7